UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM REEVES, | ) | 5:15CV2063 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| BRIGHAM SLOAN, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | MEMORANDUM |
| | ) | <u>AND ORDER</u> |

McHARGH, MAG. JUDGE

The petitioner William Reeves ("Reeves") has filed a petition pro se for a writ of habeas corpus, arising out of his 2013 convictions for multiple charges of aggravated possession of drugs, resisting arrest, and other crimes, pursuant to a guilty plea, in the Summit County (Ohio) Court of Common Pleas.  In his amended petition, Reeves raises a three grounds for relief:

> 1.  Petitioner's guilty plea is void as based on unfulfilled PROMISE of surgery as admitted by STATE'S attorney, and the Trial Judge in violation of law see MACHBRODA V. UNITED STATES, 368 U.S. 487
>
> 2.  Petitioner's plea not knowing, intelligent and voluntary as it was based upon promises which could not or were not kept.
>
> 3. The State of Ohio refuses to give Petitioner has jail time credit for all the days he spent awaiting trial on several criminal charges, this action by the State violates his Fundamental Rights to Due Process of Law and Equal Protection via WORKMAN V. CARDWELL, 339 F. Supp. 893; 471 F.2d 909 (6th Cir. 1972).

(Doc. 6, Amended Petition.)

The respondent has filed a Return of Writ (doc. 8), and Reeves has filed a Traverse (doc. 9).  Currently before the court is Reeves's Motion to expand the record.  (Doc. 10.)

Reeves seeks to expand the record to include his July 2, 2013, motion to modify sentence.  (Doc. 10.)  Reeves asserts that this motion is needed to support his claims for habeas relief under grounds one and two.

Rule 7 of the Rules Governing Section 2254 Cases permits federal habeas courts to direct the parties to supplement the state court record with materials relevant to the resolution of the petition.  The decision whether to order an expansion of the record under Rule 7 is within the sound discretion of the district court.  *Ashworth v. Bagley*, No. C-2-00-1322, 2002 WL 485003, at *11 (S.D. Ohio Mar. 28, 2002) (citing *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir.), *cert. denied*, 488 U.S. 928 (1988)).  However, expansion of the record must not undermine the presumption of correctness of any factual finding made by the state courts.  *Id.* at *13 (citing 28 U.S.C. § 2254(e)(1)).

The Return of Writ filed by the respondent includes the various appeals, post-conviction motions, and other pertinent materials for the court's consideration.  *See generally* doc. 8, and exhibits.  The issue concerning the surgery, which Reeves claims was a condition of his pleas, was briefed by the parties in his July 2014 direct appeal.  See doc. 8, RX 32-33-34.

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). The documents and exhibits already filed by the respondent appear satisfactory to allow the court to make that determination.

The motion to expand the record (doc. 10) is DENIED.

IT IS SO ORDERED.

Dated:   Mar. 14, 2016                         /s/ Kenneth S. McHargh
                                                               Kenneth S. McHargh
                                                               United States Magistrate Judge