UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM REEVES, | ) | 5:15CV2063 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| BRIGHAM SLOAN, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | RECOMMENDATION |

McHARGH, MAG. JUDGE

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to
Local Rule 72.2(b)(2).  Before the court is the petition of William Reeves ("Reeves")
for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The petitioner is in
the custody of the Ohio Department of Rehabilitation and Correction pursuant to
journal entry of sentence in the several cases of State of Ohio v. Reeves, Case Nos.
CR-2008–02-0386, CR-2009-07-2200, CR-2012-04-0938, CR-2012-04-1076, and CR-
2013-03-0710 (Summit County May 23, 2013).  (Doc. 8, RX 21, 22, 23, 24, and 25.)
For the following reasons, the magistrate judge recommends that the petition be
denied.

The petitioner Reeves has filed a petition pro se for a writ of habeas corpus,
arising out of his 2013 convictions for multiple charges of aggravated possession of
drugs, resisting arrest, and other crimes, pursuant to a guilty plea, in the Summit

County (Ohio) Court of Common Pleas.  In his amended petition, Reeves raises a

three grounds for relief:

> 1.  Petitioner's guilty plea is void as based on unfulfilled PROMISE of
> surgery as admitted by STATE'S attorney, and the Trial Judge in
> violation of law see MACHBRODA V. UNITED STATES, 368 U.S. 487
>
> 2.  Petitioner's plea not knowing, intelligent and voluntary as it was
> based upon promises which could not [be] or were not kept.
>
> 3.  The State of Ohio refuses to give Petitioner has jail time credit for
> all the days he spent awaiting trial on several criminal charges, this
> action by the State violates his Fundamental Rights to Due Process of
> Law and Equal Protection under the Federal law via WORKMAN V.
> CARDWELL, 339 F. Supp. 893; 471 F.2d 909 (6th Cir. 1972).

(Doc. 6, Amended Petition, at 20-22.)

The respondent has filed a Return of Writ (doc. 8), and Reeves has filed a

Traverse (doc. 9).


# I.  PROCEDURAL BACKGROUND

The Ohio Court of Appeals provided the following procedural background:

In May 2013, Reeves had five pending cases, and the trial court held a
single plea hearing.  Pursuant to a plea agreement, Reeves agreed to
plead guilty to various charges in exchange for an eight-year prison
sentence and the dismissal of the remaining charges.  The court
conducted a plea colloquy and accepted his plea. After finding Reeves
guilty, the court proceeded straight to sentencing.

During the sentencing portion of the hearing, Reeves requested the
court delay the execution of his sentence so that he could have surgery
to repair his arm, which had been injured by a police dog.  The court
declined Reeves' request, but informed him that it would order surgery
to be "evaluated and performed as soon as possible" within the
correctional institution.

> Shortly after sentencing, Reeves filed motions to modify his sentence, waive court costs, and have a transcript prepared at the State's expense.  The court denied his motions.  In January 2014, Reeves, pro se, filed a motion seeking a delayed appeal.

(Doc. 8, RX 35, at 1-2; State v. Reeves, No. 27230, 2014 WL 6677038, at *1 (Ohio Ct. App. Nov. 26, 2014).)

The court granted the Jan. 31, 2014, motion for leave to file a delayed appeal (doc. 8, RX 28, 31), and appointed counsel, who presented a single assignment of error:

> 1.  Appellant's plea was not knowing, intelligent and voluntary as it was based upon promises which could not [be] or were not kept.

(Doc. 8, RX 32.)  The court of appeals affirmed the judgment of the trial court on Nov. 26, 2014.   (Doc. 8, RX 35; Reeves, 2014 WL 6677038.)

While his appeal was pending, Reeves filed a motion pro se for discovery, in order to assist with a motion to withdraw his plea(s).  (Doc. 8, RX 40.)  The trial court denied his motion for discovery.  (Doc. 8, RX 41.)

Reeves appealed the court of appeals' Nov. 26, 2014, decision to the Supreme Court of Ohio, setting forth a single proposition of law:

> 1.  The trial court erred to the prejudice of the appellant violating his due process rights guaranteed under the Fou[r]teenth Amendment to the United States Constitution, Article 1 Section 10 of the Ohio Constitution when he was promised surgery as part of his plea agreement.

3

(Doc. 8, RX 37.)  On April 29, 2015, the Supreme Court of Ohio declined to accept

jurisdiction of the appeal.  (Doc. 8, RX 39; State v. Reeves, 142 Ohio St.3d 1453, 29

N.E.3d 1005 (2015).)

Reeves then filed a timely petition for a writ of habeas corpus in this court

(doc. 1), which he subsequently amended (doc. 6).


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to … clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of … clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Reeves has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## III.  JAIL TIME CREDIT

The third ground of the petition is:

5

> The State of Ohio refuses to give Petitioner has jail time credit for all the days he spent awaiting trial on several criminal charges, this action by the State violates his Fundamental Rights to Due Process of Law and Equal Protection under the Federal law via WORKMAN V. CARDWELL, 339 F. Supp. 893; 471 F.2d 909 (6th Cir. 1972).

(Doc. 6, at 22.)  The respondent contends that Reeves failed to fairly present this claim in the state courts, and therefore it should be barred as procedurally defaulted.  (Doc. 6, at 7.)  The respondent also argues that the claim is non-cognizable.  (Doc. 6, at 12.)

In the third ground, Reeves concedes that the trial court granted jail time credit for time served awaiting trial, but claims that the court miscalculated the applicable credit.  Reeves states that he has received 298 days credit, but claims that he is actually entitled to 1,728 days jail time credit.  Reeves does not share the exact basis for his calculation, but it appears that he is arguing that he is entitled to separate jail time credit for the (same?) jail time for each of his criminal cases[1]. (Doc. 6, at 22.)

At the sentencing hearing, the court sentenced Reeves to a total term of incarceration of eight  years.  (Doc. 8, RX 51, Transcript, at 51.)  All of the sentences were ordered were ordered to run concurrently, with the exception of the consecutive sentences imposed in case number 0938, which was seven years for illegal manufacture of drugs, plus one year for failure to comply with the order or

---

[1]  In his petition, Reeves states he was held in jail for "288 days on each" of six case numbers.  (Doc. 6, at 22.)  (288 X 6= 1,728)

signal of a police officer, which have to run consecutively under Ohio law.  (Doc. 8, RX 51, at 50-51; see generally RX 21, 22, 23, 24, and 25.)

The court ordered credit for all time served in the Summit County Jail.  (Doc. 8, RX 51, at 51, 55.)  The court stated that the credit would be put in the judgment entry, and informed Reeves that he should notify the court if he thought it was calculated erroneously.  (Doc. 8, RX 51, at 55; see generally RX 21, 22, 23, 24, and 25.)  Reeves did not raise this issue on direct appeal.  See generally Hughley v. Reid, No. 1:09CV1828, 2010 WL 3069569, at *16 (N.D. Ohio Mar. 31, 2010) (alleged errors regarding jail time credit may be raised on direct appeal).

Reeves contends that the trial court's alleged miscalculation of his jail time credit "violates his Fundamental Rights to Due Process of Law and Equal Protection under the Federal law."  (Doc. 6, at 22, citing "WORKMAN V. CARDWELL[2], 339 F. Supp. 893; 471 F.2d 909 (6th Cir. 1972).")

The question for this habeas court is whether the state court' determination resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court. Williams, 529 U.S. at 412-413.  The Supreme Court has repeatedly stated that the

---

[2]  The court notes that the Sixth Circuit in *Workman*, a pre-AEDPA decision, vacated the district court's order insofar as it concerned credit for pretrial detention. *Workman v. Cardwell*, 471 F.2d 909, 911 (6th Cir. 1972), *cert. denied,* 412 U.S. 932 (1973) (vacating in part, *Workman v. Cardwell*, 338 F.Supp. 893, 898-901 (N.D. Ohio 1972).)

AEDPA prohibits federal habeas courts from relying on precedent from the federal courts of appeals to conclude that a particular constitutional principle is "clearly established."  See, e.g., Lopez v. Smith, 135 S.Ct. 1, 2 (2014) (per curiam).  The petitioner must demonstrate Supreme Court case law which clearly establishes the legal proposition needed to grant habeas relief.  Lopez, 135  S.Ct. at 4.  Reeves has not done so.

Although Reeves alleged a constitutional violation, his argument rests on an alleged failure to give him the correct jail time credit under Ohio law.  A challenge to a state court's interpretation and application of Ohio's sentencing and crediting laws is not cognizable in a federal habeas corpus action.  Howard v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003) (jail time credit); Kipen v. Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003); Nash v. Bradshaw, No. 1:13CV1890, 2015 WL 5057638, at *6 (N.D. Ohio Aug. 25, 2015); Turner v. Moore, No. 1:12CV683, 2014 WL 861196, at *14 (N.D. Ohio Feb. 5, 2014) (citing cases); Ball v. Houk, No. 1:05 CV 2120, 2007 WL 4556676, at *13 (N.D. Ohio Dec. 20, 2007) (state court's alleged misinterpretation of crediting statutes is matter of state law).  Federal habeas relief is not available for a claimed error of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

Regardless of whether this claim was properly exhausted, Reeves has not established that the state courts' determination regarding jail time credit was contrary to, or involved an unreasonable application of, clearly established federal

8

law, as determined by the Supreme Court of the United States.  The petition should

not be granted on the basis of the third ground.


## IV.  GUILTY PLEA

The first and second grounds of the petition are:

1.  Petitioner's guilty plea is void as based on unfulfilled PROMISE of surgery as admitted by STATE'S attorney, and the Trial Judge in violation of law see MACHBRODA [sic] V. UNITED STATES, 368 U.S. 487

2.  Petitioner's plea not knowing, intelligent and voluntary as it was based upon promises which could not [be] or were not kept.

(Doc. 6, at 20-21.)  Reeves presented these claims as a single assignment of error on

direct appeal:  "Appellant's plea was not knowing, intelligent and voluntary as it

was based upon promises which could not [be] or were not kept."  (Doc. 8, RX 32.)

To the extent there is a distinction between Reeves' first two grounds for

habeas relief, it appears to depend on the Machibroda case.  In Machibroda v.

United States, the Supreme Court found that:  "A guilty plea, if induced by

promises or threats which deprive it of the character of a voluntary act, is void.  A

conviction based upon such a plea is open to collateral attack."  Machibroda v.

United States, 368 U.S. 487, 493 (1962).  The respondent does not contest that

Reeves' claims here concerning his plea can be heard in this habeas proceeding.

See, e.g., doc. 8, at 14, 18.

Reeves believes, as he argues in his Traverse, that:

> . . . the burden of proof to show No Promise is not on Mr. Reeves because his sworn Petition for habeas corpus says a promise was made, the burden of proof is then placed on the Respondent to show in fact no promise was made unconstitutionally which would render guilty plea void as held by the Supreme Court in [Machibroda].

(Doc. 9, at 2.)  Reeves is mistaken as to the burden of proof.  Rather, Reeves is incarcerated under a 2013 state court conviction, which this court must presume valid until otherwise shown.  The burden to show that he is in custody in violation of the Constitution is on the petitioner.  Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970).

To the extent that Reeves relies on a statement made by the State of Ohio during briefing on direct appeal, that, "The appellant properly states the case and facts," doc. 6, at 20, such a routine general statement carries no weight to establish the facts in this habeas proceeding.  In any event, it is clear from the body of their brief that Appellee-State of Ohio disputed Reeves' claim that a promise was made as part of the plea agreement.  (Doc. 8, RX 33, at 4-6.)

> The state court of appeals addressed his claim as follows:
>
> In his sole assignment of error, Reeves argues that his plea is constitutionally invalid because it was based on a "promise from the judge" that he would "be evaluated and receive his needed surgery as quickly as possible."
>
> "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."  State v. Lewis, 9th Dist. Summit No. 27222, 2014–Ohio–4559, ¶ 5, quoting State v. Barker, 129 Ohio St.3d 472, 2011–Ohio–4130, ¶ 9.  If a defendant is induced into pleading guilty based upon a promise by the

10

court and the court does not fulfill that promise, the defendant's plea is not voluntary.  See State v. Bortner, 9th Dist. Lorain No. 13CA010494, 2014–Ohio–4121, ¶ 15.

Reeves argues that he "relied upon [the court's] promise that he would receive surgery as part of his calculation in choosing to plead to the charges."  The transcript, however, does not support his assertion.

At the plea hearing, the State put the terms of the plea negotiations on the record as it understood them to be.  The State's recitation of the agreement included a detailed list of which charges Reeves would plead guilty to, which charges the State would move to dismiss, and the agreed to sentence.  Defense counsel confirmed that the State had provided an accurate recitation "as to the counts to which he would be pleading and as to the aggregate sentence."  There was no mention of surgery at this point.

The court proceeded to conduct a plea colloquy, during which it reviewed the written plea agreement with Reeves, explained the maximum sentences for the offenses to which he was pleading guilty, and apprised him of his various constitutional rights.  Reeves repeatedly indicated that he understood and twice confirmed that he had the opportunity to review the written plea form and had not been forced, coerced, or threatened to plead guilty.  The court found Reeves had made a knowing, intelligent, and voluntary decision to enter a plea of guilty.  At no point during the plea portion of the hearing did the State, Reeves, defense counsel, or the court mention surgery.  The written plea agreement signed by Reeves is also devoid of any mention of surgery.

After the court found Reeves guilty, the parties waived a pre-sentence investigation report and the court, without objection, proceeded to sentencing.  The court asked Reeves if he had anything he wanted to say to mitigate his sentence.  In response, Reeves discussed his troubles with addiction, thanked various people for their support, and, then, in closing, asked the court:

> Before you send me to prison, let me get surgery on my arm for the police dog ripping my tricep in half.  And Crystal Clinic, my doctors, I will pay for it.
>
> You can put a 25 to life over my head and make sure I go to prison afterwards.  And so that I could also give my

11

> mom a hug, because she had heart surgery and a heart
> valve replacement surgery.  That's why I wanted to do
> this Tuesday. * * *.

The court imposed the agreed to sentence for the various offenses and
then stated:

> On the issue of your arm, I'm going to—I have no problem
> with you getting that—they have excellent medical care
> involved in the institution.  I'm going to order that he
> have that surgery evaluated and performed as soon as
> possible, but I'm not going to have you do that outside of
> the institution.

The record does not support Reeves' contention that his plea was based
upon a promise by the court that he would receive surgery.  There was
no discussion of surgery until after he entered his plea.  If there is
proof outside of the record that supports Reeves' position that surgery
was part of the plea negotiations, a petition for post-conviction relief
would be the appropriate remedy.  See State v. Porter, 9th Dist.
Medina No. 12CA0061–M, 2013–Ohio–3969, ¶ 38.

(Doc. 8, RX 35, at 2-4; Reeves, 2014 WL 6677038, at *1-*2.)

The issue before this habeas court is whether the state courts' determination

concerning his plea was contrary to, or involved an unreasonable application of,

clearly established federal law, as determined by the Supreme Court of the United

States.  The state court did not rely on U.S. Supreme Court case law in its ruling[3],

thus the issue becomes whether the court's ruling was contrary to clearly

established federal law.  A state court's decision is "contrary to" clearly established

---

[3] The state court cited *State v. Bortner* (doc. 8, RX 35, at 2; *Reeves*, 2014 WL
6677038, at *1), which stated that:  "When a trial court promises a certain sentence,
the promise becomes an inducement to enter a plea, and unless that sentence is
given, the plea is not voluntary."  *State v. Bortner*, No. 13CA010494, 2014 WL
4670867, at *3 (Ohio Ct. App. Sept. 22, 2014) (quoting Ohio cases).

Supreme Court precedent "if the state court applies a rule that contradicts the

governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.

The Supreme Court has ruled that a guilty plea which was made voluntarily,

knowingly, and intelligently is constitutionally valid.  Fitzpatrick v. Robinson, 723

F.3d 624, 639 (6th Cir. 2013), cert. denied, 134 S.Ct. 1939 (2014) (citing Brady v.

United States, 397 U.S. 742, 748  (1970)); DeSmyther v. Bouchard, No. 03-1419,

2004 WL 1921182 (6th Cir. Aug. 25, 2004) (per curiam), cert. denied, 544 U.S. 921

(2005) (citing Brady).  Regarding habeas review of state plea bargains, the Sixth

Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set
> aside a guilty plea or plea agreement which fails to satisfy due process.
> . . . If a defendant understands the charges against him, understands
> the consequences of a guilty plea, and voluntarily chooses to plead
> guilty, without being coerced to do so, the guilty plea . . . will be upheld
> on federal review.

DeSmyther, 2004 WL 1921182 (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th

Cir. 1980), cert. denied, 454 U.S. 840 (1981)); see also Fitzpatrick, 723 F.3d at 639.

In Santobello v. New York, the U.S. Supreme Court stated that a plea must

be voluntary and knowing, "and if it was induced by promises, the essence of those

promises must in some way be known."  Santobello v. New York, 404 U.S. 257, 261-

262 (1971).  The Court continued that, "a constant factor is that when a plea rests

in any significant degree on a promise or agreement of the prosecutor, so that it can

be said to be part of the inducement or consideration, such promise must be

fulfilled."  Id. at 262; see also Smith v. Anderson, 632 F.3d 277, 281-282 (6th Cir.

13

2011) (quoting Santobello).  That is the clearly established federal law, as determined by the Supreme Court.  The state court's reliance on Bortner decision is not contrary to Santobello.

Of course, in Santobello, there was no dispute that a promise had been made. Santobello, 404 U.S. at 259.  Here, that fact is disputed.  The state court of appeals found that no promise of surgery had been made as part of the plea deal.

The Sixth Circuit "has consistently held that a defendant's plea agreement consists of the terms revealed in open court."  Smith, 632 F.3d at 282 (quoting United States v. Johnson, 979 F.2d 396, 398 (6th Cir. 1992)); see also Gibson v. Warden, Hocking Corr. Facility, No. 1:10CV8, 2011 WL 1429099, at *11 n.7 (S.D. Ohio Feb. 23, 2011) (same).  Where there is a written plea agreement containing an integration clause, as here (doc. 8, RX 20, at 4), the Sixth Circuit would not entertain any assertion that there were side deals or promises.  See, e.g., Peavy v. United States, 31 F.3d 1341, 1345 (6th Cir. 1994).

As discussed earlier, however, this court is prohibited from relying on precedent from the Sixth Circuit to conclude that a constitutional principle is "clearly established."  The petitioner must identify Supreme Court case law which clearly establishes the legal proposition needed to grant habeas relief.  Lopez, 135 S.Ct. at 4.

In his Traverse, Reeves modifies his claim somewhat, arguing that "it is a constitutional requirement for the trial Judge to ask Mr. Reeves during his plea if

14

any PROMISES were made." (Doc. 9, at 2.)  He contends the failure to do so was a violation of Boykin v. Alabama, 395 U.S. 238 (1969).  In his petition, Reeves did not claim that the plea colloquy was constitutionally flawed; rather, he argued that his plea was void because it was based on an alleged promise which was not fulfilled. Reeves cannot present new grounds in his Traverse.  See, e.g., Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005), cert. denied, 547 U.S. 1074 (2006) (citing cases); Jenkins v. Welch, No. 4:09CV637, 2010 WL 1948297, at *15 (N.D. Ohio Apr. 26, 2010).

In any event, Boykin held that a plea must be voluntarily and intelligently made to be constitutional, and that due process required an "affirmative showing" on the record that a defendant's guilty plea was voluntarily and intelligently made. Boykin, 395 U.S. at 244 n.6.  Boykin does not require an inquiry into any promises.

Clearly established federal law is that a guilty plea which was made voluntarily, knowingly, and intelligently is constitutionally valid.  Brady, 397 U.S. at 748; Boykin, 395 U.S. 238; Fitzpatrick, 723 F.3d at 639.  On habeas review, the issue is not whether the plea colloquy conformed with the requirements of Ohio Rule 11, but "only whether it comported with the requirements of constitutional due process."  Gilbert v. Hudson, No. 1:08CV1867, 2009 WL 3246978, at *13 n.4 (N.D. Ohio Oct. 5, 2009) (quoting Ramos v. Rogers, 170 F.3d 560, 564 n. 2 (6th Cir.1999)).

An underlying purpose of a plea colloquy pursuant to Ohio Crim. Rule 11 "is to convey to the defendant certain information so that he can make a voluntary and

intelligent decision whether to plead guilty."  State v. Ballard, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115, 119 (1981).  This court has noted that Ohio's Criminal Rule 11 is an analog to Federal Rule 11, although it is not identical.  Gilbert, 2009 WL 3246978, at *13.  The core concerns of Federal Rule 11 have a similar motivation:  "that the guilty plea is free from coercion, that the accused understands the nature of the charges against him, and that the accused knows the direct consequences of his guilty plea."  United States v. Guichard, 779 F.2d 1139, 1141 (5th Cir. 1986), cert. denied, 475 U.S. 1127 (1986) (citing United States v. Dayton, 604 F.2d 931, 939-940 (5th Cir.1979) (en banc)).

Federal Crim. Rule 11's procedural safeguards serve important constitutional interests in safeguarding against unknowing waivers of constitutional rights.  United States v. Vonn, 535 U.S. 55, 67 (2002).  However, a formal or technical violation of Federal Rule 11's procedures is not per se a constitutional violation.  United States v. Timmreck, 441 U.S. 780, 783-784 (1979); see also United States v. Cross, 57 F.3d 588, 591 (7th Cir. 1995), cert. denied, 516 U.S. 955 (1995)(literal compliance with Rule 11 not necessary) (citing cases); United States v. Henry, 113 F.3d 37, 41 (5th Cir. 1997) (ritualistic compliance not required); Guichard, 779 F.2d at 1141 ("letter-perfect" compliance with Rule 11's procedures not required, citing Dayton, 604 F.2d at 939).

Similarly, Ohio courts have also found substantial compliance with Ohio Rule 11 to be constitutionally sufficient.  State v. Nero, 56 Ohio St.3d 106, 108, 564

16

N.E.2d 474, 476 (1990); Ballard, 66 Ohio St.2d at 480, 423 N.E.2d at 119; State v. Stewart, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163, 1167 (1977) (citing United States v. Brogan, 519 F.2d 28 (6th Cir. 1975)).  "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."  Nero, 56 Ohio St.3d at 108, 564 N.E.2d at 476.

The trial court found that Reeves was making a knowing, intelligent, voluntary decision to enter pleas of guilty, with the advice of counsel.  The court also found that Reeves had been informed of all of his constitutional rights, and that he understood the effect of his pleas, the nature of the charges, and the possible penalties that could be imposed on him.  (Doc. 8, RX 51, at 35.)  Reviewing the plea colloquy, and the written plea agreement, this court cannot find that it did not comport with the requirements of constitutional due process.

Insofar as the state court found that no promise of surgery had been made as part of the plea deal, the factual findings made by the state courts are presumed correct, and the presumption of correctness may be rebutted by the petitioner only with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  See, e.g., Lorraine, 291 F.3d at 422; Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998), cert. denied, 527 U.S. 1040 (1999).  Under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct," 28 U.S.C. § 2254(e)(1), and that presumption of correctness extends to factual findings of a state appellate court

based on the state trial record.  Bowling v. Parker, 344 F.3d 487, 497 (6th Cir. 2003), cert. denied, 543 U.S. 842 (2004) (citing Sumner v. Mata, 449 U.S. 539, 546-547 (1981)).

Reeves argues that the statement already referenced (i.e., that the State as Appellee did not contest the Appellant's factual recitation in the briefing on direct appeal) should be viewed as a binding admission.  (Doc. 6, at 21; doc. 9, at 4.)  As noted above, it can hardly be said that the State of Ohio conceded the point on appeal; it was the sole assignment of error on appeal.  The state agreed that the judge addressed surgery during the mitigation phase; the state did not agree that surgery was a promise involved in the plea agreement.

At the May 17, 2013, plea hearing, the prosecutor put on the record his understanding of the plea agreement reached with defendant.  (Doc. 8, RX 51, at 2-6.)  No mention was made of any promise of surgery.  The prosecutor invited defense counsel to address any difference(s) in their understanding of the plea deal.  (Doc. 8, RX 51, at 6-7.)  After some clarification, defense counsel agreed with the prosecutor's recitation of the negotiated plea deal.  Id. at 9.  Again, no mention was made of any promise of surgery.

The written plea agreement, signed by Reeves, indicates that:  "No threats have been made against me and no promises have been made to me."  (Doc. 8, RX 20, at 4.)  No promise of surgery was included in the written plea terms.  During the

18

plea hearing, Reeves acknowledged that he had reviewed the written plea form with counsel.  (Doc. 8, RX 51, at 12, 31.)

The trial court found that Reeves was making a knowing, intelligent, voluntary decision to enter pleas of guilty, with the advice of counsel.  The court also found that Reeves had been informed of all of his constitutional rights, and that he understood the effect of his pleas, the nature of the charges, and the possible penalties that could be imposed on him.  (Doc. 8, RX 51, at 35.)

As the court of appeals noted, during the mitigation phase of the sentencing hearing, Reeves made a request to the court to allow him to get surgery on an arm injury.   (Doc. 8, RX 51, at 42-43.)  At that point, of course, the plea colloquy had been completed, and Reeves had already entered his plea.  (Doc. 8, RX 51, at 31, 35.) After imposing sentence, the judge returned to the issue of his injured arm, and stated that he would have the possibility of surgery "evaluated and performed as soon as possible," within the institution.  Id. at 53.

<u>Summary</u>

On habeas review, the court examines whether the guilty plea satisfied constitutional due process. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so," the guilty plea will be upheld.  DeSmyther, 2004 WL 1921182; see also Fitzpatrick, 723 F.3d at 639; Cross, 57 F.3d at 591 (whether, under totality of circumstances, plea was voluntary and intelligent).

19

The state court of appeals addressed Reeves' claim under the following standard:  "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily."  (Doc. 8, RX 35, at 2; Reeves, 2014 WL 6677038, at *1.)  Therefore, the state court did not apply a rule that contradicts the governing law set forth in Brady and Boykin, and Reeves has not demonstrated that the state court decision is "contrary to" clearly established Supreme Court precedent.  See generally Williams, 529 U.S. at 405.

The state court also recognized that, '[i]f a defendant is induced into pleading guilty based upon a promise by the court and the court does not fulfill that promise, the defendant's plea is not voluntary."  (Doc. 8, RX 35, at 2; Reeves, 2014 WL 6677038, at *1.)  Again, therefore, the state court did not apply a rule that contradicts the governing law set forth in Santobello, and Reeves has not demonstrated that the state court decision is "contrary to" clearly established Supreme Court precedent.

The state court's factual finding that no promise of surgery had been made as part of the plea deal is presumed correct, and Reeves has failed to rebut the presumption of correctness with clear and convincing evidence.  Rather, a review of the plea transcript supports the determination of the state court.

For the reasons discussed above, the petition should not be granted on the basis of the first or second grounds of the petition.  As discussed earlier, the third

ground of the petition raises a state law claim, which cannot be the basis for federal habeas relief.

The petition should be denied.


# RECOMMENDATION

The petition for a writ of habeas corpus should be denied.


Dated:  Apr. 18, 2016          /s/ Kenneth S. McHargh
                                          Kenneth S. McHargh
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

21