# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| William Reeves, | ) | CASE NO. 5:15CV2063 |
| | ) | |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Brigham Sloan, | ) | |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | |
| | ) | |

This action is before the Court upon objections filed by Petitioner William Reeves, asserting error in the Report and Recommendation ("the R&R") of the Magistrate Judge. The Court ADOPTS the R&R (Doc. 13) in its entirety. The Petition is DENIED AND DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  The Court has reviewed *de novo* the R&R as it relates to Logan's objections.  The objections lack merit.

Reeves appears to raise two distinct objections.  Reeves first contends that the R&R erred when it failed to find merit in his argument surrounding jail time credit.  The R&R found that this claim involved the application of state law and therefore was not cognizable in this federal habeas petition.  Reeves has not offered any viable argument with respect to why this conclusion was in error.  Furthermore, Reeves has failed to offer any precedent from the U.S. Supreme

Court that he believes was clearly established and not followed by the state court.  As such, his petition must fail.

Before moving to his second objection, the Court would also note that Reeves' argument on this issue is frivolous.  Reeves had five pending criminal cases in May 2013.  The trial court held a single plea hearing and proceeded directly to sentencing.  On appeal, Reeves essentially argues that his jail time credit should be multiplied by the number of cases that were pending against him.  In other words, Reeves believes that despite spending less than 300 days in jail, Reeves believes he is entitled to more than 1700 days of jail time credit.  While this Court need not reach the merits of this issue, the argument is frivolous.

Reeves next contends that the R&R erred when it failed to find error in how his plea colloquy was handled.  Specifically, Reeves' current argument focuses upon his belief that the trial court was required to specifically inquire as to whether any promises had been made to him.  Reeves does not address the R&R's analysis that the Constitution does not require that this specific question be asked.  Rather, the law only requires that the plea be knowing and voluntary.  As such, Reeves has failed to demonstrate error in the R&R.

Once again, the Court would note that Reeves' underlying argument contains no merit.  The R&R accurately notes that the state court record belies any claim by Reeves that a promise was made to induce him to plead guilty.  In fact, no discussion of the content of this alleged promise was ever raised until well into the sentencing portion of his hearing.  As such, the record refutes any assertion that Reeves was induced to plead guilty by some unstated promise.

Reeves' objections are overruled.  The R&R is adopted, and the petition is hereby DENIED AND DISMISSED.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

2

appeal from this decision could not be taken in good faith.  There is no basis on which to issue a

certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.


May 31, 2016                    /s/ John R. Adams_____
                               JUDGE JOHN R. ADAMS
                               UNITED STATES DISTRICT COURT